## SCHICK v. SCHICK.

Court of Appeals of Kentucky.

June 8, 1951.

---◆---

Robert Hubbard, Louisville, for appellant.

No attorney listed of record for appellee.

STANLEY, Commissioner.

In the petition for a declaratory judgment, the plaintiff, Martha Jewell Schick, alleged that the defendant, August William Schick, had sued her for divorce on the ground of cruel treatment as defined in KRS 403.020(4) (d). She further alleged that the proof taken showed that he had provoked her mistreatment and he was at fault. The divorce action is still pending. The controversy sought to be adjudicated here was the proper construction of that section of the statute. August had contended that regardless of provocation or fault, he was entitled to the divorce by proving her cruel treatment. Martha contends he is not entitled to a divorce because of her proof of provocation and fault on his part. There was no response by the defendant to this suit. The court declared that the statute should be construed as authorizing a divorce regardless of the other party's provocation or fault. The plaintiff appeals and asks this court to construe the statute to the contrary. The defendant has made no response.

We think the court should have declined to render the declaratory judgment and dismissed the petition. The declaratory judgment act cannot be invoked to determine an issue presented in another pending suit. Bringardner Lumber Co. v. Knuckles, 253 Ky. 292, 69 S.W.2d 345, and other cases so construing Sec. 639a-1 et seq., Civil Code of Practice.

The judgment is accordingly reversed with directions to set it aside.